6781

## BURRESS v. ATLANTIC COAST LINE R. R. CO.

1. CARRIER—FREIGHT—EVIDENCE—PAROL—ISSUES.—Where there is a shipment of a chair with a lot of chewing-gum under one invoice, parol evidence is admissible to show the gum was worth the price stated in the invoice and the chair was a premium. The issue whether the value of the chair should be deducted from the amount of the invoice is for the jury.

2. SECONDARY EVIDENCE of the contents of a bill of lading should not be admitted upon evidence by one who saw the person in whose possession it was last search for it, without that person testifying as to the search.

3. CARRIER—FREIGHT—PENALTY.—A terminal carrier is not liable for penalty for failure to pay for damages to freight on interstate shipment because it acquiesced in the through bill of lading.

4. SECONDARY EVIDENCE.—Notations on a way bill as to condition of freight should be testified to by the one who made them while inspecting the freight shipped under it.

5. EVIDENCE.—THE OPINION of a witness as to whether a carrier has exercised due diligence in tracing lost freight is incompetent.

Before KLUGH, J., Sumter, June, 1907. Reversed.

Action by E. L. Burress against Atlantic Coast Line Railroad Company. From judgment of Circuit Court affirming judgment of Magistrate H. L. B. Wells, defendant appeals.

*Mr. Mark Reynolds,* for appellant, cites: *Filing claim was first step in obtaining penalty:* 71 S. C., 273, *and plaintiff should not vary it by parol:* 59 S. C., 591. *Person last having lost paper should be examined as to search:* 17 Cyc., 546; 5 Rich., 373; 47 S. C., 498. *Notations on way bill should have been admitted:* 46 S. C., 110. *Plaintiff can not recover under act of May, 1903, because not brought under it:* 53 S. C., 496.

*Mr. L. D. Jennings,* contra.

March 2, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. Judgment was recovered in a magistrate's court against the Atlantic Coast Line Railroad Company, the terminal carrier, for six dollars and eighty cents, the alleged value of eight and one-half boxes of chewing gum lost in transit from a package containing ten boxes shipped from Chicago, Ill., consigned to the plaintiff at Wedgefield, S. C., and for fifty dollars additional as the statutory penalty. On appeal the Circuit Court affirmed the judgment of the magistrate.

The discussion will be clearer if, without referring in detail to the nineteen exceptions, we consider separately the errors charged relating to the right to recover six dollars and eighty cents, the value of the goods, and those relating to the right to recover the statutory penalty.

The sellers of the chewing gum shipped to plaintiff at the same time a chair which they included in an invoice of eight dollars for the whole. The plaintiff testified the chair was a premium gift and was not included in the purchase price of the gum. There was no error in admitting evidence that the gum was purchased for eight dollars and

was of that value exclusive of the chair, for it tended to prove the value of the articles lost. The magistrate properly charged, in substance, that it was for the jury to say whether under the evidence the value of the chair was included in the claim made and should be deducted from it.

There was evidence tending to prove the lost goods were taken from the package before it was turned over to the defendant railroad at Columbia. But, acting on the presumption that the terminal carrier was responsible for the loss, the plaintiff filed his claim with and against the defendant. There was no evidence of any effort by the defendant to comply with the requirements of Section 1710 of Civil Code, which is as follows: "When under contract for shipment of freight or express over two or more common carriers, the responsibility of each or any of them shall cease upon delivery to the connecting line in 'good order;' and if such freight or express has been lost, damaged or destroyed, it shall be the duty of the initial, delivering, or terminal road, upon notice of such loss, damage or destruction being given to it by the shippers, consignees, or their assigns, to adjust such loss or damage with the owners of said goods within forty days, and upon failure to discharge such duty within forty days after such notice, or to trace such freight or express and inform the said party so notifying when, where and by which carrier the said freight or express was lost, damaged or destroyed, within said forty days, then said carrier shall be liable for all such loss, damage or destruction in the same manner and to the same extent as if such loss, damage or destruction occurred on its lines: *Provided,* That if such initial, terminal or delivering road can prove that, by the exercise of due diligence, it has been unable to trace the line upon which such loss, damage or destruction occurred, it shall thereupon be excused from liability."

Therefore, if the shipment fell under this section, the defendant was liable for the value of the lost goods, whether lost on its own road or not. *Cave* v. *Ry. Co.,* 53 S. C., 496,

31 S. E., 359. On this point, then, the inquiry is whether there is any competent evidence tending to show the existence of such a contract of shipment as this statute contemplates. Plaintiff testified the bill of lading was turned over to Mr. Jennings, his attorney, who placed it in a package on his desk; that subsequently he saw Mr. Jennings make diligent but fruitless search for it. Mr. Jennings did not himself testify as to the loss or search. On this evidence of loss, the magistrate allowed the plaintiff to testify to reading the bill of lading and to its containing substantially the stipulation mentioned in Civil Code, Section 1710, namely, that the responsibility of each carrier should cease upon delivery to the connecting line in good order. Stating the law in general terms, the trial Court determines when such evidence of loss had been adduced as to make admissible the testimony of a witness as to the contents of a written paper. But neither the reason nor authority of the following declaration of law made in *Floyd v. Mintsey,* 5th Rich., 373, can be questioned: "The rule stated in 1 Phil. Ev., 258, and abundantly supported by authority, is, that whenever the writing in question is traced to a particular individual, who is alive, he should be called to give some account of the instrument; and if he is dead, inquiry should be made of such persons as must be presumed to have it in their possession." The high character of Mr. Jennings excludes any suspicion of an intention to suppress the bill of lading in this case; nevertheless it was the right of the defendant to require legal evidence of its loss as a consideration to the admission of parol evidence of its contents. This error in admitting, on insufficient proof of loss, parol evidence of the contents of the bill of lading was vital to the defense, for, without this evidence, there was nothing to show the shipment was such an one as fell under Section 1710 of Civil Code, by virtue of which plaintiff was seeking to hold defendant liable, without respect to whether the lost goods had ever reached its line or not.

The constitutionality of Section 1710 was established by the case of *Skipper* v. *Ry. Co.,* 75 S. C., 276, 55 S. E., 454.

The vital error of the magistrate as to the penalty is evident. The penalty could not be recovered under the act of February, 1903 (24 Stat., 81), unless the jury found the fact of loss of goods while they were in defendant's possession. *Venning* v. *R. R.,* 78 S. C., 55. As already stated, there was evidence of loss before the package reached the defendant's road. As to the penalty then, the decisive and only question was whether the defendant had itself lost the goods, for if it had the plaintiff could recover the penalty under statute of February, 1903 (24 Stat. 81). But the magistrate charged even if the loss did not occur on its line, yet the jury might find a verdict for the penalty under the act of May, 1903 (24 Stat., 1), using this language: "That if the jury find from the evidence that the defendant acted upon and recognized and acquiesced in the bill of lading for the shipment in this case, then under the law the defendant and other connecting lines would be agents for each other and each the agent of the other, and the plaintiff would have the right to sue either that he might select, but it is a question for the jury to say whether the defendant acquiesced in said bill of lading—acted upon the same—and thereby made itself responsible and an agent." Inasmuch as the act of May, 1903 (24 Stat., 1), was declared unconstitutional as to interstate commerce shipments in *Venning* v. *R. R. Co., supra,* it is manifest this charge was erroneous on a vital point.

The other points are of minor importance. Gayle, the agent of the Southern Railway Company, the intermediate carrier, testified the box "was open and the contents nearly all gone" when received by him in Columbia before delivery to the defendant railroad. The magistrate refused to admit the way bill in the possession of this witness showing a notation of shortage at that point. Had the witness testified the notation was made by him at the time he observed the shortage, the way bill would have been

admissible.   *Springs* v. *R. R. Co.,* 46 S. C., 110, 24 S. E., 166; *Franklin* v. *Ry. Co.,* 74 S. C., 336, 54 S. E., 578.   But as it did not appear who made the memorandum on the way bill, it was properly excluded as not sufficiently proved.

The opinion of witnesses as to whether the defendant had exercised due diligence in the effort to trace the goods was clearly incompetent and properly excluded.

The judgment of this Court is, that the judgment of the Circuit Court be reversed and the cause be remanded to the magistrate's court for a new trial.